UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Robert Thomas</u>

   v.                                                    Civil No. 23-cv-224-SE

<u>Robert Hazlewood, Warden, Federal
Correctional Institution, Berlin,
New Hampshire; et al.</u>[1]

**REPORT AND RECOMMENDATION**

Before the court in this civil rights case is former federal prisoner Robert Thomas's Complaint (Doc. No. 1), seeking damages under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcs.</u>, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"). The Complaint is before the undersigned Magistrate Judge for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

---

[1] The defendants named in the complaint are: Robert Hazlewood, (former) Warden, Federal Correctional Institution, Berlin, New Hampshire ("FCI Berlin"); FCI Berlin Warden Richard Luna; FCI Berlin Assistant Warden of Operations Mr. Martinez, whose first name is unknown ("FNU"); FCI Berlin Assistant Warden of Programs Ms. FNU Scheriber; FCI Berlin CMC Mr. B. Rouleau; FCI Berlin Record Officer Supervisor Maury Yeakel; FCI Berlin A-Unit Manager Mr. N. Carnis; FCI Berlin A-1 Case Manager Mrs. D. Shuler; and Team Rome, Designation Sentence Computation Center, Grand Prairie, Texas.

**Preliminary Review Standard**

In conducting preliminary review under LR 4.3(d)(1) and 28 U.S.C. § 1915A(a), the Court takes as true the facts asserted in the Complaint and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether Plaintiff states a claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In determining whether a pro se pleading states a claim, the court construes pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The Court may dismiss claims if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief might be granted, or the action is frivolous or malicious. See 28 U.S.C. § 1915(e)(2).

**Background**

Mr. Thomas was incarcerated at the Federal Correctional Institution in Berlin, New Hampshire, ("FCI Berlin") when he filed this action. During his incarceration, Mr. Thomas successfully litigated a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this Court. See Thomas v. Warden, No. 13-cv-259-LM (D.N.H.) ("§ 2241 Petition"). In the Order granting Mr. Thomas's § 2241 Petition, the Court directed the

Federal Bureau of Prisons ("BOP") to recalculate Mr. Thomas's federal sentence using a sentence commencement date of November 5, 2001, and running the sentence continuously from that date. See id. (July 27, 2022 Order (ECF No. 151), as amended by Aug. 24, 2022 Order). The BOP released Mr. Thomas from federal custody on December 5, 2023.

Mr. Thomas brings this action asserting that the defendants violated his federal rights and acted negligently in that, while he was incarcerated, they: miscalculated his federal sentence; failed to investigate his complaints that his sentence had been miscalculated; and violated his right to serve his sentence continuously rather than in installments. See Doc. No. 1, at 2. Mr. Thomas does not allege that he served more time in prison than was called for by his sentence. Instead, Mr. Thomas seeks damages in this case for the mental and emotional harm he claims he suffered as a result of his twenty-one-year struggle to obtain relief from BOP officials relating to the calculation of his sentence. See id. at 6.

## Discussion

### I.   Constitutional Claims Under *Bivens*

Mr. Thomas asserts that the defendants violated his federal constitutional rights by miscalculating his sentence, failing to investigate his complaints about his sentence, and requiring him

3

to serve his federal sentence in installments.  Liberally construed, those claims arise under the Fifth Amendment's Due Process Clause.

The Bivens doctrine, under certain circumstances, provides a plaintiff alleging a violation of his or her federal constitutional rights with a private right of action for damages against the federal employee(s) and/or official(s) the plaintiff charges with responsibility for such violations, in their individual capacities.  See DeMayo v. Nugent, 517 F.3d 11, 14 (1st Cir. 2008).  In Bivens, the Supreme Court authorized a private damages action against a federal official for an alleged violation of the plaintiff's Fourth Amendment right not to be subject to unreasonable search and seizure.  403 U.S. at 396-97.  Since deciding Bivens, the Supreme Court has recognized only two other contexts in which a plaintiff may seek damages under the Bivens doctrine: a gender discrimination claim asserted under the Fifth Amendment, in Davis v. Passman, 442 U.S. 228, 248-49 (1979); and a federal prisoner's Eighth Amendment claim alleging inadequate medical care, in Carlson v. Green, 446 U.S. 14, 18-21 (1980).  See Quinones-Pimentel v. Cannon, 85 F.4th 63, 69 (1st Cir. 2023).

However, "[s]ince [Passman and Carlson] were decided . . . the Supreme Court has charted a significantly different path,

4

consistently refusing 'to extend the Bivens doctrine to new settings.'" Quinones-Pimental, 85 F.4th at 69 (quoting González v. Vélez, 864 F.3d 45, 52 (1st Cir. 2017)); see also Hernández v. Mesa, 589 U.S. 93, 102 (2020) (collecting Supreme Court cases declining to extend Bivens); Ziglar v. Abbasi, 582 U.S. 120, 135 (2017).  In recent cases, the Supreme Court has further cautioned that "recognizing a cause of action under Bivens is 'a disfavored judicial activity[,]'" and "'if there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy[,] the courts must refrain from creating [it].'"  Egbert v. Boule, 596 U.S. 482, 491, 492 (2022) (quoting Abbasi, 582 U.S. at 135, 137).

The Supreme Court has established a two-step process for evaluating whether Bivens claims for damages against federal officials may proceed in a particular case.  See Egbert, 596 U.S. at 492.  The first step requires the court to "ask whether the case presents a new Bivens context, which boils down to whether the case is meaningfully different from Bivens, Davis, and Carlson."  Quinones-Pimentel, 85 F.4th at 63.  A meaningful difference may include:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating;

5

> the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

Abbasi, 582 U.S. at 139-40.  It may also include "a 'new category of defendants.'"  Egbert, 596 U.S. at 492 (citation omitted).

If the court decides that a "case does present a new Bivens context, its next and final question is whether there are any 'special factors' counseling against extending Bivens."  Quinones-Pimentel, 85 F.4th at 70 (quoting Egbert, 596 U.S. at 492).  The Supreme Court has not clearly defined what is meant by "special factors" for purposes of this analysis.  Quinones-Pimentel, 85 F.4th at 70 (quoting Egbert, 596 U.S. at 493).  "Special factors" include "'alternative remedial structures,' such that if Congress has already given a would-be Bivens plaintiff a way to redress the constitutional violation, the Bivens suit cannot proceed."  Id.

### A.   New Context

Mr. Thomas asserts constitutional claims this Court construes as asserting violations of his Fifth Amendment due process rights.  Those claims, however, differ significantly from the Fifth Amendment gender discrimination claim previously recognized by the Supreme Court in Davis, as well as the claims

6

in Bivens and Carlson, and therefore present a new Bivens context.  See Roundtree v. Bureau of Prisons, C/A No. 6:23-cv-01701-SAL-KFM, 2023 U.S. Dist. LEXIS 236573, at *9, 2023 WL 10479550, at *4 (Dec. 12, 2023) ("the plaintiff's Bivens claim, that his sentence is being improperly calculated, is a new Bivens context"), R&R adopted 2024 U.S. Dist. LEXIS 52499, at *2, 2024 WL 1259266, at *1 (D.S.C. Mar. 25, 2024).

B.   Special Factors/Alternative Remedies

As Mr. Thomas's claims present a new Bivens context, this Court considers whether there are "special factors" which counsel against extending the Bivens doctrine to the claims in this case.  In this action for damages, Mr. Thomas seeks relief from the BOP's improper calculation of his sentence.  Mr. Thomas previously sought and obtained relief for the same improper sentence calculations in his § 2241 Petition in this Court, specifically, an Order directing the BOP to recalculate Mr. Thomas's sentence.

A prisoner's ability to obtain relief through a § 2241 petition on claims relating to BOP's sentence calculations counsels against finding a Bivens remedy in this context.[2]

---

[2] Relying on cases decided by Federal Circuit Courts of Appeals issued prior to the Supreme Court's decisions in Abbasi and Egbert, Mr. Thomas asserts that, because he was barred, by Heck v. Humphrey, 512 U.S. 477 (1994), from pursuing the damages

7

Although the deterrent effect of a successful habeas petition may not be as great as that which could come from a personal capacity claim for damages, equitable "remedies that provide no compensation for victims and little deterrence for violators, such as injunctions and writs of habeas corpus," still "trigger the general rule that, 'when alternative methods of relief are available, a Bivens remedy usually is not.'" Farah v. Weyker, 926 F.3d 492, 502 (8th Cir. 2019) (emphasis in original) (quoting Abbasi, 582 U.S. at 145)); see also Thomas v. Paul, Case No. 16-cv-12-SM, 2019 DNH 153, 2019 U.S. Dist. LEXIS 158085, at *11, 2019 WL 4451349, at *4 (D.N.H. Sept. 17, 2019). "[L]egislative action suggesting that Congress does not want a damages remedy is itself a fact counseling hesitation." Abbasi, 582 U.S. at 148.

    Congress created § 2241, which provides a remedy for a prisoner asserting that the erroneous calculation of his federal sentence violated his constitutional rights in a manner that extends the duration of his confinement, but did not provide a damages remedy for such a violation. Additionally, in enacting

---

claims asserted here until he obtained a "favorable termination" of his challenge by the granting of his § 2241 Petition, the granting of his § 2241 Petition entitles him to pursue damages claims based on the events underlying the § 2241 Petition. Satisfaction of Heck's "favorable termination" requirement, however, does not itself give rise to a cause of action for damages where no such cause exists.

42 U.S.C. § 1983, Congress created a cause of action for damages to remedy alleged constitutional violations by state actors, including prison employees and officials, but did not provide a similar cause of action for federal prisoners alleging constitutional violations against their jailers. Those legislative acts and omissions suggest that Congress did not intend to create a damages remedy for federal prisoners for violations of their federal constitutional rights by federal employees or officials. Cf. Abbasi, 528 U.S. at 148 (Congress's passage of the Prison Litigation Reform Act fifteen years after the Supreme Court decided Carlson makes it "clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs," and did "not provide for a standalone damages remedy against federal jailers," suggesting that "Congress chose not to extend the Carlson damages remedy to cases involving other types of prisoner mistreatment.").

 This Court concludes that a Bivens remedy is not appropriately inferred as to Mr. Thomas's Fifth Amendment due process claims. Congress, and not the courts, is better situated to weigh the costs and benefits of creating a damages remedy for such claims. See Abbasi, 582 U.S. at 136 (purpose of special factors inquiry is to determine if Congress, not the

Judiciary, "is in the better position to consider if 'the public interest would be served' by imposing . . . 'new substantive legal liability'" (quoting Schweiker v. Chilicky, 487 U.S. 412, 426-427 (1988)) (citations omitted)). The District Judge, therefore, should dismiss Mr. Thomas's due process claims relating to the BOP's calculation of his sentence, the BOP's handling of his administrative complaints about his sentence, and the BOP's remaining acts and omissions that form the basis of the relief granted in Mr. Thomas's § 2241 Petition and/or the claims asserted here.

II. Negligence Claims Asserted Under the FTCA

The FTCA provides this court with jurisdiction over certain claims for damages asserted against the United States, arising from allegations that federal employees caused injuries or property damage through their tortious acts or omissions, while acting within their scope of employment. See 28 U.S.C. §§ 1346(b)(1), 2674.

> An FTCA claim is actionable if it alleges the six elements of § 1346(b), which are that the claim be:
>
> > "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a

10

>private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Brownback v. King, 592 U.S. 209, 212 (2021) (quoting FDIC v. Meyer, 510 U.S. 471, 475-76 (1994)).  In the case of a plaintiff who has been convicted of a felony, and who is incarcerated at the time his FTCA action is filed, § 1346(b)(2) requires that the plaintiff establish an additional element: a "showing of physical injury or the commission of a sexual act."  28 U.S.C. § 1346(b)(2).

Here, Mr. Thomas does not assert any physical injury or sexual act, and specifically states that his damages are for mental and emotional injury.[3]  See Doc. No. 1, at 6.  Mr. Thomas has failed to demonstrate, or even allege, that he suffered any physical injury or sexual act that might give rise to a claim under the FTCA.  On that basis, the District Judge should dismiss Mr. Thomas's FTCA claim on that basis.

III. Unspecified Federal Statutory Claims

Mr. Thomas asserts generally that defendants are liable for violating his federal statutory rights.  Apart from the FTCA,

---

[3] According to a letter Mr. Thomas attached to his complaint, his administrative tort claim was denied under § 1346(b)(2), as Mr. Thomas did not allege any "specific physical injury actionable under the Federal Tort Claims Act."  Doc. No. 1-2.

11

discussed above, Mr. Thomas points to no specific federal statutes which Defendants violated. The District Judge should dismiss Mr. Thomas's claims asserting violations of unspecified federal statutes, as he fails to plead facts sufficient to demonstrate that Defendants have violated any federal statute giving rise to a private right of action for damages which can be litigated in this matter.

## Conclusion

For the foregoing reasons the District Judge should dismiss this action in its entirety, and should direct the Clerk's office to enter judgment and close this case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 28, 2024
cc: Robert Thomas, pro se

12